UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John ALLEN,<br><br>                        Plaintiff,<br><br>v.<br><br>VT MILCOM, INC.,<br><br>                        Defendant. | Case No.: 19-cv-01148-WQH-AGS<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **September 24, 2019**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

    1.    An Early Neutral Evaluation shall be conducted on **January 3, 2020** at **9:00 a.m.** in the chambers of Magistrate Judge Andrew G. Schopler. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **December 27, 2020**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

    2.    **Directions to Chambers**: Judge Schopler's Chambers are located at the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5160, San Diego, California 92101. Do *not* report to Courtroom 5C; report to Chambers. **In order to gain**

**access to Chambers, the parties should take the elevator to the 5th Floor, turn to face the wooden double doors (labeled "Authorized Personnel Only" and "5150"), and press the wall buzzer labeled "#15 JUDGE SCHOPLER."**

3. **Mandatory Personal Appearances**: All parties, adjusters for insured defendants, the principal attorneys, and any other party representatives with settlement authority must be present **in person** and prepared to discuss settlement. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for imposition of sanctions. Government entities are excused from this requirement, so long as their attorney appears, has primary responsibility for the case, and the power to recommend a resolution to the ultimate settlement authority. Any principal attorneys who are not already listed on the docket as an "*ATTORNEY TO BE NOTICED*," shall file their appearances as soon as possible. Counsel for any non-English-speaking parties are responsible for supplying any interpreters.

4. **ENE Statements Required**: By the below-listed date, the parties shall email efile_schopler@casd.uscourts.gov with their ENE statements, which shall be no longer than five pages. Each statement must outline the nature of the case, the claims, the defenses, the parties' settlement positions, and all ENE attendees for that side, including their names, titles, and positions. The settlement position must include a specific and current demand or offer addressing all relief or remedies sought. If a specific demand or offer cannot be made, then the reasons for this must be set forth. If exhibits are attached and the total submission amounts to more than 20 pages, a courtesy hard copy must also be delivered directly to Chambers. At their discretion, the parties may choose to share their statements with opposing counsel or to keep them confidential.

5. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **October 25, 2019**.

2
19-cv-01148-WQH-AGS

6. During discovery, the following per-side limitations will apply:

| DISCOVERY LIMITATIONS | |
| --- | --- |
| **Discovery Type** | **Restriction (Per Side)** |
| Depositions | No more than 10 |
| Requests for Admission | No more than 25 |
| Interrogatories | No more than 35 |
| Requests to Produce Documents | No more than 25 |

7. All fact discovery shall be completed by all parties by **June 22, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

8. The parties shall designate their respective experts in writing by **April 24, 2020**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **May 25, 2020**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The

1  list shall also include the normal rates the expert charges for deposition and trial testimony.

2. 9. By **April 24, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

10. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 25, 2020**.

11. All expert discovery shall be completed by all parties by **June 22, 2020**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

12. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

13. All other pretrial motions must be filed by **July 20, 2020**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

14. A Mandatory Settlement Conference shall be conducted on **January 3, 2020** at **9:00 a.m.** in the chambers of Magistrate Judge Andrew G. Schopler.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to

chambers by **December 27, 2020**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

15. In jury trial cases before Judge Hayes, neither party is required to file Memoranda of Contentions of Fact and Law.

16. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **August 17, 2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

17. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 24, 2020**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

18. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 31, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

19. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 7, 2020**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

20. The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **September 18, 2020** at **11:00 a.m.**.

21. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

22. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

23. The dates and times set forth herein will not be modified except for good cause shown.

24. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

25. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 24, 2019

_____

Hon. Andrew G. Schopler
United States Magistrate Judge